Argued June 2, attorneys reprimanded July 24, 1969

In re Complaint as to the Conduct of
R. THOMAS GOODING
and
LORIN M. RICKER, Accused.

456 P2d 998

*Lamar Tooze, Jr.,* Portland and *William A. Galbreath,* Milton-Freewater, argued the cause for R. Thomas Gooding. With them on the briefs were Tooze, Powers, Kerr, Tooze & Peterson, Portland, and Galbreath & Pope, Milton-Freewater.

*Gene C. Rose,* Baker and *Alex M. Byler,* Pendleton, argued the cause for Lorin M. Ricker. With them on the briefs were Grant, Rose & Daron, Baker, and Corey, Byler & Rew, Pendleton.

*Edward Joel Clark,* Pendleton, argued the cause for the Oregon State Bar. With him on the brief was Robert B. Abrams, Heppner.

Before Perry, Chief Justice, and McAllister,

Sloan, O'Connell, Goodwin, Denecke* and Holman, Justices.

PER CURIAM.

In July 1966, Mr. Gooding and Mr. Ricker defended one Chet Aschenbrenner in a foreclosure proceeding in the circuit court for Wallowa county. On October 3, 1966, the court filed an opinion ruling against Aschenbrenner. The court's decision would have permitted a ruinous deficiency judgment against Aschenbrenner. On October 7, 1966, and before a decree was entered in the foreclosure case, Gooding and Ricker filed a complaint for divorce against Aschenbrenner in behalf of the latter's wife. The divorce complaint was filed in Umatilla county. The divorce complaint sought to have all of Mr. Aschenbrenner's property rights set aside to Mrs. Aschenbrenner. The grounds stated as a basis for divorce were questionable. Ricker filed a *lis pendens* notice in Wallowa county on October 10, 1966. The decree of foreclosure case was filed later that day. The divorce complaint was never activated and was later dismissed for lack of prosecution. The deficiency judgment was settled.

The above statement is a summary of the evidence. We do not attempt a detailed recitation of all the evidence, much of it conflicting.

About a year later Mrs. Aschenbrenner filed a complaint with the Oregon State Bar against the two lawyers charging that they had induced her to file the divorce complaint. As a result of this charge, the Bar did file a complaint against Gooding and Ricker charging them with three causes of unethical conduct.

---

* Denecke, J., did not participate in the decision of this case.

The charges were: a conflict of interest in filing the divorce complaint for Mrs. Aschenbrenner when their representation of Mr. Aschenbrenner still continued; of participating in a scheme to defraud creditors and of participating in a scheme to defraud the circuit court of Umatilla county where the divorce complaint had been filed. Gooding and Ricker deny these charges and claim they acted in good faith in accordance with Mrs. Aschenbrenner's express intentions.

A trial on the Bar's complaint was conducted by a trial committee which found both Gooding and Ricker guilty of the last two charges just mentioned. On review, the Board of Governors, by a divided vote affirmed the trial committee. The two attorneys then petitioned this court for review. We concur in the findings of the trial committee and of the Board of Governors.

We are convinced that the two attorneys acted in the aftermath of the loss of a hard fought case that culminated in a disastrous result to their client. They were prompted by excessive zeal, rather than by intent to defraud. They stood to gain nothing in any personal way, but acted in the belief they were aiding their client.

Nevertheless, the lawyers' participation in the divorce matter falls within Canon 31 of the American Bar Association's Canons of Professional Ethics which states:

"* * * The responsibility for advising as to questionable transactions, for bringing questionable suits, for urging questionable defenses, is the lawyer's responsibility. He cannot escape it by urging as an excuse that he is only following his client's instructions."

Rule 12 of the Oregon State Bar's rules proscribes filing an action for the purpose of delaying or harassing another.

When we examine the record in the light most favorable to the petitioners, their conduct still constitutes a violation of the professional standards. Accordingly, this opinion must stand as a reprimand.